UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOMINICK GIAMPAOLO,
    Plaintiff,

vs.   06-1221

STEPHEN WRIGHT, et.al.,
    Defendants.

## ORDER

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A . The plaintiff participated in the hearing by telephone conference call.

    The plaintiff, a state prisoner, brings this lawsuit pursuant to 42 U.S.C. §1983 against six defendants at the Hill Correctional Center including Warden Stephen Wright, Officer Johnson, Officer Fowlks, Officer Shinn, Illinois Department of Corrections Director Roger Walker and Librarian Mark Spencer.

    The plaintiff says because he has filed a previous lawsuit against several Hill Correctional Center employees, the defendants are retaliating against him by denying him adequate help and time in the law library, denying him access to his legal papers, failing to respond to grievances, delaying mail and failing to pay for medical procedures. The plaintiff alleges the retaliatory acts occurred from July 10, 2006 through August 23, 2006.

    The plaintiff's handwritten complaint makes no reference to exhaustion of administrative remedies. In addition, the plaintiff's complaint is entitled "Complaint for Temporary Restraining Order and/or Preliminary Injunction." (Plain. Comp, p. 1) The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).  *See also* <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532, (7th Cir. 1999).

    During the hearing, the plaintiff says he did file a grievance, and it was returned to him as "unfounded." He has not appealed this decision and therefore has not fully exhausted his administrative remedies as required. The plaintiff can not file his complaint with a motion for temporary restraining order and/or preliminary injunction in an attempt to sidestep this

requirement.

The court also notes that the clerk of the court received a motion for leave to file an amended complaint after the merit review hearing. The plaintiff's claims have not changed, but he is seeking to add additional retaliatory acts that occurred in late August of 2006 and in September of 2006. The plaintiff could not have exhausted his administrative remedies for claims that occurred in the past month. The motion is denied. [d/e 9]

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed in its entirety without prejudice for failure to exhaust administrative remedies as required by  42 U.S.C. §1997e(a).**

**2) The plaintiff's motion for a temporary restraining order or preliminary injunction is denied as moot. [d/e 2]**

**3) The plaintiff's motion for leave to file an amended complaint is denied. [d/e 9]**

**4) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in each case. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this __27th_____ day of September,  2006.


                              s\Harold A. Baker
        _____
                          HAROLD A. BAKER
                   UNITED STATES DISTRICT JUDGE